IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAY MAZOCH, | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:14-cv-2893 |
| V. | )( | JURY TRIAL |
| A. CARRIZALES, INDIVIDUALLY, and CITY OF STAFFORD, TEXAS, | )( | ORIGINAL COMPLAINT |
| | )( | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff JAY MAZOCH complaining of DEFENDANTS A. CARRIZALES, INDIVIDUALLY, and CITY OF STAFFORD, TEXAS, and will show the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Fort Bend County, Texas, within the United States Southern District of Texas.

### PARTIES

3. Plaintiff Jay Mazoch is a resident of Fort Bend County, Texas.

4. Defendant City of Stafford, Texas is a municipality existing within Fort Bend

County, Texas, the U.S. Southern District of Texas and can be served with process by serving the Mayor and/or City Secretary of City of Stafford, 2610 South Main, Stafford, TX 77477

5.   Defendant A. Carrizales is an individual and can be served with process at 2702 South Main, Stafford, TX 77477.

## FACTS

6.   Jay Mazoch (hereinafter, sometimes "Jay") is 22 years old and has never been convicted of any crime in his entire life. Jay is about 5 foot 5 inches tall and weighed around 115 pounds in October, 2012.

7.   Jay graduated from high school in 2010. In 2012 Jay worked the night shift as a machinist and so on his days off and in keeping with his work schedule he would be up at night and sleep during the day.

8.   Around 6 AM October 14, 2014 Jay was driving his vehicle by himself and saw the police near his home in a cul de sac. Jay drove up to a City of Stafford police officer and engaged her in conversation about what was going on so close to his home. The Stafford police officer was taller than Jay and weighed at least 80 pounds more than Jay. The Stafford police officer was armed with a large caliber pistol.

9.   The Stafford police officer was rude and told Jay to leave. Jay did so and turned around in the cul de sac to leave. As Jay was leaving he was stopped by the same Stafford police officer as well as another large female plainclothes officer later identified as Stafford police detective A. Carrizales (hereinafter sometimes "Carrizales"). Carrizales is an ex-marine and weighs at least 200 pounds. Carrizales was armed with a large caliber weapon.

10.   At some point the large Stafford police began striking Jay in the face with a metal object at the driver's side door window.

11. Jay's car moves forward and Jay voluntarily comes to a complete stop in front of the large Stafford police officer's squad car. The squad car video camera was recording.

12. Carrizales came running around the driver's side of Jay's vehicle and purposefully positioned herself a couple of feet in front of Jay's voluntarily stopped vehicle. Carrizales aims directly at Jay's head in the stopped vehicle and fires a single shot striking Jay in the face. At no time when Carrizales was in front of Jay's vehicle did the vehicle move forward. See *Exhibit 1,* video of incident.[1]

13. At no time did Jay strike any officer nor display a weapon of any kind. After the incident a thorough search of Jay's vehicle's was performed and there were no weapons, drugs or other contraband.

14. Jay incurred at least $83,000 in hospital bills. See *Exhibit 2*, photo of Jay.

15. The City of Stafford did no internal affairs investigation of the shooting by A. Carrizales or, in the alternative, did do an internal affairs investigation and ratified the shooting as within the policy of the City of Stafford when they were aware Carrizales purposefully shot Jay in the face when there was no immediate threat to officer safety.

16. The City of Stafford did not train A. Carrizales in proper techniques including not voluntarily positioning an officer in front of a vehicle with a person the officer is attempting to stop, and not shooting people who are not an immediate danger.

17. The City of Stafford does not have the policies in place to not voluntarily position an officer in front of a vehicle with a person the officer is attempting to stop and not shooting people who are not an immediate danger.

18. Since and because of the event Jay has suffered extreme pain, disfigurement, anxiety, fear, and other mental anguish.

---

[1] The shooting occurs around 6:15:00 AM on the video display.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                              **Page 3**

## CAUSES OF ACTION

### Violations of the Fourth and Fourteenth Amendments

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

21. Defendants violated Jay's Fourth Amendment and Fourteenth Amendments rights, at least, when they shot him in the face, detained him, searched him and arrested him.

### Policy, Practice, Custom and Procedure/Ratification

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. The irrefutable of the video (**Exhibit 1**) clearly shows excessive force yet nothing was done to A. Carrizales. As such the City of Stafford, Texas ratified the actions of A. Carrizales as their own policies, practices, customs and procedures. Despite the evidence against A. Carrizales there has been no retraining, discipline or consequence indicating a custom, policy, practice and procedure by Harris County, Texas of allowing all the aforementioned bad acts.

24. The City of Stafford, Texas' training of A. Carrizales directly lead to the excessive force used against Jay and his damages.

### Punitive Damages

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. All individuals sued are liable for punitive damages as they were consciously

indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

### Attorney's Fees

27.     Jay is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

### Jury Trial

28.     Jay demands trial by jury on all issues triable to a jury.

### Prayer For Relief

WHEREFORE, Plaintiff Jay Mazoch requests that the Court:

A.      Enter judgment for Plaintiff against Harris County, Texas and each and every individually name defendant;

B.      Find that Plaintiff is the prevailing parties in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendant Harris County, Texas and the individually named defendant police officers and jailers;

C.      Award damages to Plaintiff for the violations of his Constitutional rights claim;

D.      Award Pre- and post-judgement interest;

E.      Award Punitive damages against all individually named defendants; and

F.      Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED,
LAW OFFICE OF RANDALL L KALLINEN PLLC

*/S/ Randall L. Kallinen*

Randall L. Kallinen
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:     713/320-3785
FAX:           713/893-6737
E-mail:        AttorneyKallinen@aol.com
Attorney for Plaintiff